IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHARON ROBBINS,

        Plaintiff,

   v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.
_____/

No. Civ. S-06-2926 RRB DAD

**<u>Memorandum of Opinion</u>**
**<u>and Order</u>**

    Before the court is Plaintiff Sharon Robbins' ("Robbins") Ex Parte Application ("Application") for an order to modify the pretrial scheduling order ("Scheduling Order") filed on March 2, 2007 ("Rule 16 Order").[1]  Defendant State Farm Mutual Automobile Insurance Company ("State Farm") opposes the Application.

    To prevail on her Application, Robbins must make a "good cause" showing as to why the Scheduling Order should be

---

[1] Robbins failed to address <u>Rule 16</u>'s "good cause" requirement in her Application to modify the Scheduling Order.

1

modified. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. at 609 (quoting Fed. R. Civ. P. 16 advisory committee's note (1983 amendment)). The focus of the inquiry is on the moving party's reasons for seeking modification, not the prejudice caused to the party opposing the modification. Id. If the moving party is not diligent, the inquiry ends. Id.

To demonstrate diligence, the moving party may be required to show: (1) that it was diligent in assisting the Court in creating a workable Rule 16 scheduling order; (2) that its noncompliance with the scheduling order's deadline occurred or will occur notwithstanding diligent efforts to comply because of "the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference;" and (3) that it was diligent in seeking amendment of the scheduling order once it became apparent it could not comply with the order. Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999). Finally, the Ninth Circuit has stated that "carelessness is not compatible with a finding of

diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609.

In the instant case, Robbins states that her Application was necessitated by State Farm's unjustifiable delay in responding to discovery requests, including State Farm's refusal to timely produce documents and special interrogatory responses. Robbins further states that she attempted to obtain a stipulation from State Farm's counsel to modify the Scheduling Order on November 5 and November 8, 2007, in light of her inability to meet the upcoming November 30, 2007, expert disclosure date and the February 15, 2008, discovery cut-off date. Robbins' Application however is devoid of any showing of "good cause" to support her request to modify the Scheduling Order, i.e., Robbins' Application does not explain how she diligently sought to modify the Scheduling Order once it became apparent that she could not comply with the order. Instead, Robbins simply argues that modification of the Scheduling Order is appropriate because State Farm unjustifiably delayed in responding to discovery requests. The court finds this explanation inadequate to satisfy the diligence requirement of Rule 16.[2]

---

[2] According to Robbins, she did not seek to amend the Scheduling Order until November 9, 2007 (three weeks before the expert disclosure date), despite the fact that State Farm had

Accordingly, because Robbins failed to sufficiently explain why in the exercise of diligence she did not seek the requested amendment sooner, the court concludes that she failed to meet her burden to show "good cause" to modify the Scheduling Order. See Byrd v. Guess, 137 F.3d 1126, 1132 (9th Cir. 1998) (it is the moving party's burden to demonstrate that modification of the pretrial order is necessary) abrogation on other grounds recognized by Moreland v. Las Vegas Metro. Police, 159 F.3d 365, 369-70 (9th Cir. 1998).[3]

---

purportedly been unresponsive to her July 31, 2007, discovery requests until October 25, 2007.  Therefore, because it should have been apparent to Robbins' prior to November 9, 2007, that she would not be able to comply with the November 30, 2007, expert disclosure deadline, she did not satisfy her burden to act diligently in seeking to modify the Scheduling Order.  See Jackson, 186 F.R.D. at 608 (to satisfy the requirement to act diligently in seeking an amendment of the Rule 16 Order a party must seek amendment once it becomes apparent that it cannot comply with the Order).  Additionally, to the extent that Robbins argues that she cannot meet the February 15, 2008, discovery cut-off date due to State Farm's delay in responding to discovery requests, the court finds this argument unpersuasive since the discovery deadline is approximately three months away.  As such, the court declines to modify the discovery cut-off date because Robbins has not demonstrated that this deadline cannot reasonably be met.

[3] The purpose of the pretrial order is "to guide the course of the litigation," and "once formulated, [it] should not be changed lightly."  Fed. R. Civ. P. 16(e), Advisory Committee Note (citing Clark v. Pa. R.R. Co., 328 F.2d 591 (2d Cir. 1964)).

Notwithstanding, the expert witness disclosure deadline is hereby extended by 60 days with all other deadlines, including the trial date, remaining as previously set.

For the reasons stated above, Robbins' Application is **DENIED.**

**IT IS SO ORDERED.**

ENTERED this 21st day of November, 2007.

                                           s/RALPH R. BEISTLINE
                                           United States District Judge